UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CESAR DRAGO MENDEZ,

      Petitioner,

v.                                                              Case No. 3:26-cv-336-MMH-SJH

WARDEN, BAKER COUNTY DETENTION
CENTER, and U.S. ATTORNEY GENERAL,

      Respondents.

_____

## ORDER

Petitioner Cesar Drago Mendez initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Mendez alleges that the immigration court ordered him removed on October 5, 2023, and he did not file an appeal to the Board of Immigration Appeals. Id. at 5. According to Mendez, since January 8, 2026, United States Immigration and Customs Enforcement (ICE) has detained him pending removal. Id. Mendez contends that his continued detention is unlawful and requests the Court order his immediate release. Id. at 6–8.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six

months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Mendez into custody on January 8, 2026, any claim seeking release under Zadvydas is not yet ripe, and is thus premature. When Mendez's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Mendez must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Mendez must use the form approved

2

for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1.      The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Mendez a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/19
c:      Cesar Drago Mendez

3